UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TIMOTHY BELL, | ) |
| Petitioner, | ) |
| v. | ) No. 4:17-cv-04031-SLD |
| GREG SCOTT, | ) |
| Respondent. | ) |

ORDER

Before the Court are Petitioner Bell's motion to correct the Court's order, ECF No. 2, his motion to request counsel, ECF No. 3, and his motion for leave to proceed in forma pauperis, ECF No. 4. For the following reasons, the motion to correct is MOOT, the motion to request counsel is DENIED, and the motion for leave to proceed in forma pauperis is GRANTED.

A person civilly committed as a sexually violent person, as Bell is, may challenge his commitment via a petition pursuant to 28 U.S.C. § 2254. *See Martin v. Bartow*, 628 F.3d 871, 875–76 (7th Cir. 2010). An applicant for relief under § 2254 may seek leave to proceed without prepaying court fees if he submits an affidavit including a statement of all assets that he possesses showing that he is unable to pay the fees. 28 U.S.C. § 1915(a). Even though Bell seeks habeas relief, he is not a prisoner within the meaning of § 1915, *see Jackson v. Johnson*, 475 F.3d 261, 266 (5th Cir. 2007), and thus would ordinarily have to pay a $350 filing fee, 28 U.S.C. § 1914(a), plus a $50 court fee, rather than the $5 fee assessed to prisoners seeking habeas relief.

Bell's motion for leave to proceed in forma pauperis states that he is unemployed because he is currently civilly committed, has no assets, and has received $50 in gifts over the last two

1

years. Mot. In Forma Pauperis 1–2. This sufficiently demonstrates that Bell is unable to pay the filing fee. The Court grants his motion for leave to proceed without doing so.

Petitioner requests the Court appoint counsel for him. Mot. Request Counsel 1–3. A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e). However, "parties to civil litigation have no right to counsel." *Thornhill v. Cox*, 113 F. App'x 179, 181 (7th Cir. 2004). When faced with a request to appoint counsel, the court must determine: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)).

As to the second element, "the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id*. at 655. Litigating a case includes "evidence gathering, preparing and responding to motions and other court filings, and trial." *Id*. The court will also consider "the plaintiff's literacy, communication skills, educational level, and litigation experience . . . intellectual capacity and psychological history" to determine his ability to present his case. *Id*. Lastly, the court will consider whether the plaintiff has sufficient access to legal materials and postal services. *Brown v. Hertz*, 437 F. App'x 496, 500 (7th Cir. 2011).

Bell attaches to his motion three letters from attorneys declining to represent him, and indicates that he sought their assistance via a directory of attorneys. Mot. Appoint Counsel 2. While this demonstrates that he has made a reasonable attempt to obtain counsel, Bell has not shown that he is not competent to litigate the case himself. In support of his claim that he is

unable to do so, he indicates that he has a mental disorder, but does not say what that disorder is, or how it prevents him for arguing his case (and, interestingly, asserts in his pleadings that he "no longer suffers from a mental disorder," Petition 2, ECF No. 1). He states that he has no legal education and "little general education," *id.* at 3, but does not explain how this deficiency hinders his ability to present his case. If lack of legal or other education were sufficient to warrant appointment of counsel, the application process would be little more than a formality. The operative question is whether he is capable of litigating the case himself. *Pruitt*, 503 F.3d at 655. Bell's application for writ of habeas corpus clearly and briefly lays out two grounds for relief, and cites to both statutory authority and case law. Bell appears at this point to be well able to litigate the case himself. Should circumstances alter, he may renew the motion for appointment of counsel, which is, at present, denied.

If a motion for habeas relief under § 2254 is not dismissed after initial screening by the district judge, as Bell's motion has not been, the respondent must be directed to respond to the petition. Section 2254 Rule 4. Accordingly, Respondent is directed to respond to Petitioner's application for writ of habeas corpus by July 25, 2017. Any traverse or other response to this filing must be filed by Petitioner by August 29, 2017. The Court admonishes Petitioner that a failure to reply to the response pursuant to 28 U.S.C. § 2248 will cause the Court to take the allegations in the response to the Petition as true except to the extent that the judge finds from the evidence that they are not true. Petitioner shall serve upon Respondent or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court. Petitioner shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any

document was mailed to Respondent or their counsel. Any paper received by this Court which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court. Petitioner must immediately notify the Court of any change in his mailing address. Failure to notify the Court of any change in mailing address will result in dismissal of this lawsuit, with prejudice.

Petitioner's motion to correct the Court's order, ECF No. 2, is MOOT; the motion to request counsel, ECF No. 3, is DENIED; and the motion for leave to proceed in forma pauperis, ECF No. 4, is GRANTED.

ENTERED:   May 30, 2017

                s/Sara Darrow
                SARA DARROW
               UNITED STATES DISTRICT JUDGE